REGAN, Judge.
Plaintiffs, Amiss Crabtree and his sub-rogee insurer, Emmco Insurance Company, instituted this suit against the defendant Pat Sanders (Lederic Sandras), endeavoring to recover the sum of $220.18, representing property damage incurred on September 12, 1954, at about 6:00 a. m. as a result of a collision in Fourth Street (a highway) near West Drive, Westwego, Louisiana, between Crabtree’s Chevrolet automobile and Sander’s truck.
Defendant answered and admitted the occurrence of the accident, but insisted that the proximate cause thereof was the negligence of Crabtree. Defendant then reconvened and pleaded therein the contributory negligence of plaintiff and asserted that he-was entitled to recover the sum of $45 representing property damage to his truck.
Judgment was rendered in favor of plaintiffs as prayed for and defendant’s recon-ventional demand was dismissed. Hence this appeal.
In order to avoid repetitious designation of parties plaintiff we shall hereinafter apply the appellation plaintiff to Crabtree.
Although plaintiff and defendant were the only witnesses who related the manner in which the accident occurred, the record reveals, as we have so often observed heretofore, the usual controversial" facts and disputations ad infinitum predominant in this type of litigation.
Plaintiff testified that on the morning of the accident he was driving about 25 miles per hour on Fourth Street, moving from Marrero towards Westwego and when he was near the intersection of West Drive and Fourth Street, he observed defendant’s truck approaching from his left, which he anticipated would obey the stop sign (although the existence of such a sign is disputed by the litigants) before entering the highway; he simultaneously realized that defendant -was not going to stop and it was then that he endeavored to avoid the impending collision by steering his vehicle to the right and apparently the defendant *721 executed the same .maneuver to the left of the highway causing the property damage’ to the left and right rear sections of the respective vehicles, which is the subject matter of this litigation.
Defendant testified that he had parked his truck in West Drive adjacent to King’s Restaurant in order to procure “a cup of coffee” and upon returning to his vehicle, he failed to observe any stop sign in West Drive at the entrance to the highway, although he asserts that he came to a stop before entering Fourth Street in anticipation of driving towards Westwego; that he observed plaintiff’s vehicle “one half mile away from me”; that he then crossed the highway at an angle and was moving in the direction of Westwego when the rear of his truck was struck by plaintiff’s automobile.
Plaintiff insists that the sole cause of the collision was the negligence of the defendant in driving his vehicle into the highway without first ascertaining that it was safe to do so.
Defendant, in his endeavor to resist this assertion, maintains that the collision was not caused by his negligence, but solely by the gross negligence of plaintiff in driving while in an intoxicated condition at a speed in excess of SO miles per hour; in failing to afford defendant the right of way; in neglecting to maintain a proper lookout and thus avoid the accident.
We have carefully analyzed the actions of the plaintiff and find that he was entirely free of negligence, therefore, the only question posed for our .consideration is one of fact, and that is whether defend-ant’s negligence was the proximate cause of the accident.
The trial judge resolved the answer to this question in the affirmative and our careful examination of the record fails to reveal any error in his conclusion.
The record reflects the very evident fact that the defendant failed to stop, irrespective of the existence of a stop sign in West Drive, before entering the heavily travelled highway, designated as Fourth 'Street, which would have afforded him ample opportunity to observe the imminence of plaintiff’s vehicle, therefore, defendant’s negligence, in this respect, was the proximate cause of the accident.
The record reflects that, damages in the amount of $220.18 to plaintiff’s Chevrolet have been adequately proven.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.